"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HOGLE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. ED CV 04-1119 AN<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS").

The parties are familiar with the background facts and evidence in the record. Accordingly, only the facts and evidence that are helpful to understanding and explaining the Court's decision will be discussed below.

/ / /

In the JS, Plaintiff contends: (1) the Appeals Council failed to consider the opinion of Plaintiff's examining physician Joseph C. Hohl, M.D., and (2) the Administrative Law Judge ("ALJ") failed to properly consider the testimony of Plaintiff's wife. The Commissioner disagrees.

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contentions lack merit and are rejected for the reasons expressed by the Commissioner in her portions of the JS and the following reasons.

**1.     New Evidence**

In May 2000, Dr. Hohl conducted a personal injury orthopaedic surgical consultation on Plaintiff. [Administrative Record ("AR") at 126-29.] Dr. Hohl diagnosed Plaintiff with degenerative lumbar spine disease and probable tear of the acetabular labrum. [AR at 128.] He opined that Plaintiff was totally disabled on a permanent basis. [AR at 129.] Plaintiff submitted Dr. Hohl's report to the Appeals Council. [AR at 3, 126-29.] While the Appeals Council accepted the report into evidence, it did not comment on the report in denying Plaintiff's request for review. [AR at 3, 6-8, 126-29.] Plaintiff contends the Appeals Council erred by failing to provide specific, legitimate reasons for rejecting Dr. Hohl's opinion. Plaintiff's argument is without merit because Dr. Hohl's report was irrelevant and immaterial to Plaintiff's current claim for benefits, which was filed on July 19, 2002. [AR at 158-61.]

Plaintiff first filed an application for SSI on January 27, 1999. [AR at 40-41.] After that application was denied initially and on reconsideration, Plaintiff timely requested an administrative hearing. [AR at 26-29, 32-36, 312-44.] On September 27, 2000, the ALJ determined that Plaintiff was not entitled to benefits. [AR at 165, 344-45.] There is no indication in the record that Plaintiff appealed that claim further. Therefore, the September 27, 2000 denial of benefits stands as the final decision of the Commissioner with respect to the issue of disability through that date. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988)(holding that principles of *res judicata* apply to administrative decisions); *Lyle v. Secretary of Health and Human Services*, 700 F.2d

566, 568 (9th Cir. 1983)(prior determination given *res judicata* effect through date of decision). Because Dr. Hohl's May 2000 opinion pertains to the period covered by Plaintiff's prior application for SSI, the Appeals Council did not err by failing to discuss the opinion in its denial.

### 2. Lay Witness Evidence

Plaintiff's argument that the ALJ erred by failing to address the third party questionnaire completed by Plaintiff's wife also lacks merit. [JS at 5-6; AR at 208-13.] Lay witness *testimony* should generally not be ignored without comment by the ALJ. *Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir. 1993). Further, the third party statement of Plaintiff's wife did little more than mirror Plaintiff's subjective complaints, which the ALJ properly rejected based on Plaintiff's inconsistent statements concerning his use of alcohol and his ability to walk. [AR at 15, 196-201]; *see, e.g., Books v. Chater*, 91 F.3d 972, 980 (7th Cir. 1996)(ALJ's failure to discuss lay witness testimony that merely reiterated and corroborated claimant's own testimony concerning his activities and limitations was not error where the claimant's testimony was found to be "untenable"); *see also Light v. Social Security Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)(inconsistencies between testimony and conduct may be considered in weighing a claimant's credibility); *see Tonapetyan v. Halter*, 242 F.3d 1144, at 1148 (9th Cir. 2001)(explaining that in assessing a claimant's credibility, the ALJ may use "ordinary techniques of credibility evaluation," such as considering the claimant's reputation for truthfulness and any inconsistent statements in her testimony). Because the third party statement did not constitute sworn testimony or a separate line of evidence, the same reasons the ALJ used to discount Plaintiff's testimony also supported discounting the testimony of Plaintiff's wife. *See, e.g., Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000)(where the same evidence the ALJ used to discount the claimant's testimony also supported discounting the testimony of the claimant's husband, the ALJ's failure to give specific reasons for disregarding the husband's testimony was inconsequential). Moreover, the objective medical evidence supported the ALJ's decision that Plaintiff was

not disabled. [AR at 221-28, 274-77.] Thus, any error by the ALJ in failing to give specific reasons for disregarding the third party statement was harmless. *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)(holding that an ALJ's failure to discuss lay testimony did not require reversal because the medical evidence supported the ALJ's decision that the plaintiff was not disabled).

## II. CONCLUSION

Accordingly, the Court finds the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: January 4, 2006          /s/ Arthur Nakazato
                                ARTHUR NAKAZATO
                                UNITED STATES MAGISTRATE JUDGE